```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

Leif Hansen

    v.                                   Civil No. 13-cv-225-LM
                                         Opinion No. 2014 DNH 072
Town of Ossipee and
Police Officer Shane Emerson

**O R D E R**

Leif Hansen has sued the Town of Ossipee and Officer Shane Emerson in five counts for various injuries he claims to have suffered as a result of his treatment by Officer Emerson during and after a traffic stop.  He has also filed an unopposed motion to amend his complaint, document no. 9, which is hereby granted. In his amended complaint, he alleges that: (1) he was a passenger in a car driven by his wife; (2) she was pulled over by Officer Emerson; and (3) when he, Hansen, attempted to observe his wife's performance on a field sobriety test, he was forcefully pushed to the pavement by Officer Emerson, arrested, then charged with three offenses (obstructing government administration, simple assault, and resisting arrest); and (4) he was prosecuted for all three offenses, and found not guilty of obstructing government administration and simple assault.

Based upon the foregoing, Hansen asserts four federal constitutional claims against Officer Emerson, and also asserts, in Count V, six supplemental state-law claims against both

defendants.  Those claims include assault, battery, false imprisonment, malicious prosecution, abuse of process, and intentional infliction of emotional distress.  Before the court is defendants' motion for judgment on the pleadings on Count V.  Hansen objects.  For the reasons that follow, defendants' motion is granted.

**The Legal Standard**

"A motion for judgment on the pleadings is treated like a Rule 12(b)(6) motion to dismiss."  Omar Portugués-Santana v. Rekomdiv Int'l Inc., 725 F.3d 17, 25 (1st Cir. 2013).

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  When considering such a motion, a trial court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiff[]."  Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)).  To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a

2

claim to relief that is plausible on its face.'" González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### Discussion

Defendants argue that they are entitled to judgment on the pleadings on all the claims Hansen asserts in Count V on grounds of municipal immunity, and he further argues that Count V(e) does not adequately state a claim for abuse of process. Defendants' first argument is meritorious, and dispositive.

In New Hampshire, "[n]o governmental unit shall be held liable in any action to recover for bodily injury, personal injury or property damage except as provided by this chapter or as is provided or may be provided by other statute." RSA 507-B:5. The New Hampshire Supreme Court has construed RSA 507-B:5 to be a grant of immunity.[1]  See Dichiara v. Sanborn Reg'l Sch. Dist., ___ N.H. ___, ___, 82 A.3d 225, 227 (2013). RSA 507-B:2, in turn, has been characterized as an exception to RSA 507-B:5. See id.

With regard to the types of actions against which RSA 507-B:5 immunizes governmental units, RSA 507-B:1, III(a) expressly

---

[1] That immunity protects both governmental units and their employees.  See RSA 507-B:4, IV.

3

defines "'[p]ersonal injury' [to] mean[] . . . [a]ny injury to the feelings or reputation of a natural person, including but not limited to false arrest, detention or imprisonment, malicious prosecution . . . mental injury, mental anguish [and] shock." Given the language of RSA 507-B:1, III(a), and the well-recognized similarities between abuse of process and malicious prosecution, see Aranson v. Schroeder, 140 N.H. 359, 364 (1995), the court concludes that, for purposes of RSA 507-B, abuse of process fits within the category of personal injury.

The only cause of action provided by RSA 507-B that a plaintiff may use to recover for personal injury, against a governmental unit, is negligence. But, negligence claims against municipalities are available "only when there is a nexus between the claim and the governmental unit's ownership, occupation, maintenance, or operation of a motor vehicle or premises." Dichiara, ___ N.H. at ___, 82 A.3d at 228. Here, Hansen has asserted a number of different state-law claims, but none is a claim for negligence based upon the Town of Ossipee's "ownership, occupation, maintenance, or operation of a motor vehicle or premises," id. As none of the causes of action asserted by Hansen are provided by RSA 507-B, and Hansen does not argue that any of them are provided by any other statute, defendants are immune from all of them, which entitles them to judgment on the pleadings on Count V.

In his objection to defendants' motion, Hansen argues that if RSA 507-B:2 & B-5 are construed to immunize defendants against the claims he asserts in Count V, then those statutes are unconstitutional. The New Hampshire Supreme Court closed the door on that argument in its recent decision in Huckins v. McSweeney, No. 2013-184 (N.H. Apr. 11, 2014).

Finally, while defendants raise an interesting challenge to the sufficiency of Hansen's state-law claim for abuse of process, the court need not reach that issue, given its ruling that abuse of process is a personal-injury claim subject to RSA 507-B:5.

## Conclusion

As the court indicated at the beginning of this order, Hansen's motion to amend his complaint, document no. 9, is granted, and for the reasons detailed above, defendants' motion for judgment on the pleadings, document no. 7, is also granted. As a result, this case now consists of Counts I-IV, the four federal constitutional claims that Hansen has brought under the aegis of 42 U.S.C. §1983.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 11, 2014
cc:   James Cowles, Esq.
      Charles P. Bauer, Esq.